UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIDGETON LANDFILL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20 CV 1240 RWS |
| | ) | |
| MISSOURI ASPHALT PRODS., LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff owns the West Lake Landfill, a Superfund site contaminated by radioactive waste from the Manhattan Project that was illegally dumped in the landfill decades ago. Defendant is a tenant operating an asphalt plant on the site. Plaintiff brings this action against defendant for cost recovery, contribution and a declaratory judgment under Sections 107(a), 113(f) and 113(g)(2) of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §§ 9601-9675.

Defendant moves to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing that plaintiff's claims are barred by the applicable statute of limitations and a settlement agreement and release, and that it cannot be considered an "operator" for purposes of CERCLA liability. In opposition to dismissal, plaintiff clarifies that it is now only bringing a claim for

contribution under § 113 and seeks leave to file an amended complaint asserting claims under only § 113(f) and (g)(2). (Doc. 18). Leave will be granted. Having considered defendant's arguments to dismiss plaintiff's contribution claims, the motion to dismiss will be denied.

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly,* 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or

2

inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (internal citation omitted). This standard "simply calls for enough facts to raise reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556.  The plausibility of the plaintiff's claim is reviewed "as a whole, not plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal quotation marks and citation omitted).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable" *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56.  The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678-79.  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.* at 679.

Plaintiff has brought its § 113 claim within the applicable statute of limitations, which provides that a contribution action must be brought within three years of the date of an administrative order or entry of a judicially approved settlement under CERCLA.  42 U.S.C. §§ 9613(g)(3)(B).  Here plaintiff filed suit within three years of entering into an Administrative Settlement Agreement and

3

Order on Consent for "operable unit 3," which is the administrative settlement under which plaintiff seeks contribution from defendant. Plaintiff has also adequately alleged that defendant is a "covered person," as that term is defined by CERCLA, because it is a "current operator" under CERCLA. Finally, defendant's argument with respect to a settlement agreement and release are not appropriately before this Court at this time as it relies on documents not contained within or fairly embraced by the pleadings, so the motion to dismiss on this ground will be denied. For these reasons, the motion to dismiss will be denied.

This case will be set for a scheduling conference by separate Order. In addition to the requirements set out in that Order, the parties' joint proposed scheduling plan shall also include a statement as to the propriety of immediate referral to mediation as well as their positions on the appointment of a special master for this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [10] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motive for leave to file an amended complaint [18] is granted, and plaintiff shall file an amended complaint which deletes its claims under Sections 107(a) of CERCLA within ten (10) days from the date of this Memorandum and Order.

4

This case will be set for a Rule 16 conference by separate Order.

                                              _____
                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE

Dated this 25th day of January, 2021.